17-132

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

---

Funds Chairman, James J. White; Funds Treasurers, Stephen A. Cardi, Michael A. Gammino, III, and Henry Sherlock; THE IUOE LOCAL 57 HEALTH AND WELFARE FUND, Gregory E. Olson and Michael D'Ambra, Trustees; THE IUOE LOCAL 57 PENSION FUND, Edwin L. Sullivan, Jr. and Antonio B. Cardi, Trustees; THE IUOE LOCAL 57 ANNUITY FUND, Timothy E. Quillen and Antonio B. Cardi, Trustees; THE IUOE LOCAL 57 LEGAL SERVICE FUND, Gregory E. Olson and Stephen P. Lynch, Trustees; THE IUOE LOCAL 57 APPRENTICESHIP FUND, Timothy E. Quillen and Brad Bilodeau, Trustees; THE IUOE LOCAL 57 UNION ADMINISTRATION FUND, Timothy E. Quillen, Trustee; THE IUOE LOCAL 57 POLITICAL ACTION AND EDUCATION FUND, Timothy E. Quillen, Trustee; THE IUOE LOCAL 57 INDUSTRY ADVANCEMENT FUND, Michael A. Gammino III, Trustee; and THE IUOE LOCAL 57

*Plaintiffs*,

v.                                                                    C.A. No.

NEW ENGLAND BUILDING & BRIDGE CO.

*Defendant*.

---

**COMPLAINT**

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.,* brought on behalf of the International Union of Operating Engineers Local 57 ("IUOE Local 57") Health and Welfare Fund ("Health Fund"), the IUOE Local 57 Pension Fund ("Pension Fund"), the IUOE Local 57 Annuity Fund ("Annuity Fund"), the IUOE Local 57 Legal Service Fund ("Legal Fund"), the IUOE Local 57 Apprenticeship Fund ("Apprenticeship Fund"), the IUOE Local 57 Union Administration Fund ("Administration Fund"), the IUOE Local 57 Political Education and Action Fund ("PEAF"), and the IUOE Local 57 Industry Advancement Fund ("Advancement Fund") (hereinafter collectively "Funds") for damages and injunctive

   relief arising from unpaid and delinquent employee benefit contributions.

2. This court has jurisdiction pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and the Labor Management Relations Act, § 301, 29 U.S.C. §185(c).

3. Venue lies in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), as the Plaintiffs seek to enforce an agreement entered into by the Defendant in Rhode Island and pursuant to LMRA § 301, 29 U.S.C. § 185(a) as IUOE Local 57 has a principal office at and is administered from 141 Gano Street, Providence, Rhode Island.

4. Plaintiff, James J. White, is the Chairman of the Funds.

5. Plaintiffs, Stephen A. Cardi, Michael A. Gammino III and Henry Sherlock, are Treasurers of the Funds.

6. Plaintiffs, Gregory E. Olson and Michael D'Ambra, are trustees of the Health Fund.

7. Plaintiffs, Edwin L. Sullivan, Jr. and Antonio B. Cardi, are trustees of the Pension Fund.

8. Plaintiffs, Timothy E. Quillen and Antonio B. Cardi, are trustees of the Annuity Fund.

9. Plaintiffs, Gregory E. Olson and Stephen P. Lynch, are trustees of the Legal Fund.

10. Plaintiffs, Timothy E. Quillen and Brad Bilodeau, are trustees of the Apprenticeship Fund.

11. Plaintiff, Timothy E. Quillen, is the trustee of the Administrative Fund and the PEAF.

12. Plaintiff, Michael A. Gammino III, is the trustee of the Advancement Fund.

13. Plaintiffs, James J. White, Stephen A. Cardi, Michael A. Gammino III, Henry Sherlock, Gregory E. Olson, Michael D'Ambra, Edwin L. Sullivan, Jr., Antonio B. Cardi, Timothy E. Quillen, Stephen P. Lynch, and Brad Bilodeau (hereinafter collectively "Trustees"), are "fiduciary" within the meaning of ERISA, 29 U.S.C. § 1002(21)(a) as they are appointed to oversee the Funds.

14. As fiduciaries, the Trustees are empowered to bring this action pursuant to 29 U.S.C. 1132(a)(3).

15. The Funds are "multi-employer plans" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C, § 1002(37)(A) and "employee benefit plans" or "plans" within the meaning of Section 3(3) of ERISA, 29 U.S.C., § 1002(3).

16. The Funds have a principal office at and are administered from 857 Central Avenue, Johnston, Rhode Island.

17.  The Funds are authorized to bring this action pursuant to 29 U.S.C. §1132(d)(1).

18.  IUOE Local 57 is a "labor organization" within the meaning of the National Labor Relations Act, 29 U.S.C. § 152(5), and is a duly organized and recognized employee organization under 29 U.S.C. §1002(4).

19.  IUOE Local 57 is authorized to bring this action pursuant to 29 U.S.C. 185(b).

20.  Defendant, New England Building & Bridge Co., is a Rhode Island corporation with a principal place of business located Greenville, Rhode Island (hereinafter "New England Building")

21.  New England Building is an "employer" within the meaning of 29 U.S.C. § 1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 152(2), (6) and (7).

22.  At all material times New England Building was obligated to make contributions to the Funds on behalf of certain employees pursuant to the terms of one or more collective bargaining agreements between it and IUOE Local 57.

23.  Pursuant to said agreements, New England Building must pay interest on all delinquent contributions from the date payment was due, plus reasonable attorney's fees, sheriff's costs and accounting and court costs.

24.  From may 1, 2017 through the present, New England Building failed to make the required contributions to the Funds in violation of the agreements and Section 515 of ERISA, 29 U.S.C. § 1145.

25.  From June 1, 2017 through the present, New England Building failed to submit contribution reports pursuant to the collective bargaining agreements.

26.  The amount of unpaid contributions is unknown at this time because New England Building failed to submit the contribution reports showing the hours worked by its employees who are members of IUOE Local 57.

WHEREFORE, Plaintiffs demand that judgment enter against the Defendant, New England Building, in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2):

A.  Awarding the Funds the following amounts:

   i.   the unpaid contributions to the Funds;

   ii.  interest on said unpaid contributions at a rate of 1.5% per month from the date payment was due; and

   iii. all costs and reasonable attorney's fees incurred by the Funds in

   connection with this action.

 B. Ordering New England Building to submit to Plaintiffs the contribution reports from June 1, 2017 to the Present.

 C. Ordering such other and further relief as this court may deem just and proper.

           Respectfully Submitted,
           For the Plaintiffs,
           By their attorney,

           */s/ Ryan C. Hurley*

           Ryan C. Hurley (7358)
           Kiernan, Plunkett & Redihan
           146 Westminster Street, 5th Floor
           Providence, RI 02903
           (401) 831-2900
           (401) 331-7123 (FAX)
           rhurley@kprlaw.com

DATED: 12-15-17

U.S. Department of Labor
200 Constitution Ave., NW
Washington, DC  20210

Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

<u>CERTIFICATE OF SERVICE</u>

 I hereby certify that I caused a copy of the within complaint to be sent to the United States Department of Labor and the United States Department of the Treasury at the above listed addresses by certified mail in accordance with 29 U.S.C. § 1132(h).

12-15-17                 */s/ Kayla Santiago*